

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

FAGAN DICKSON
FIRST ASSISTANT

November 5, 1948

Hon. Douglas A. Newton
District Attorney
53rd Judicial District
Del Rio, Texas

Opinion No. V-709

Re: The authority of the
Commissioners' Court
to reduce the salary
of the County Health
Officer prior to the
end of his current
term.

Dear Sir:

Reference is made to your recent request which reads, in part, as follows:

"Does the Commissioners Court have the right to reduce the County Health Officer's salary from $100.00 to $25.00 before the end of his two year appointive term?

"At the first meeting of a Commissioners Court of Val Verde County, Texas, Dr. R. N. Graham was appointed County Health Officer for a two year term, beginning January 1, 1947 and ending January 1, 1949. Although no reason was given for their action the Commissioners Court reduced the County Health Officer's salary from $100.00 per month to $25.00 per month at a regularly monthly meeting held during the month of August, and effective September 1, 1948."

Article 4423, V. C. S. is as follows:

"The commissioners court by a majority vote in each organized county shall biennially appoint a proper person for the office of county health officer for his county, who shall hold office for two years. Said county health officer shall take and subscribe to the official oath, and shall file a copy of such oath and a copy of his appointment with the Texas State Board of Health; and,

until such copies are so filed, said officer shall not be deemed legally qualified. Compensation of said county health officer shall be fixed by the commissioners court; provided, that no compensation or salary shall be allowed except for services actually rendered."

In 34 Tex. Jur. 526, it is provided that:

"In the absence of any constitutional limitation, the Legislature may lower or raise the salaries or fees of officers, even during the term for which an officer has been elected or appointed; and it may diminish and distribute unearned official fees as it deems just. Also, where the commissioners' court has power to fix the compensation of an officer, it may change the amount at any time, even during his term of office. (Emphasis added)

In the case of Baxter v. Rusk County, 11 S.W. (2d) 648, it was held that:

"Commissioners' Court may at any time fix compensation of county treasurer for receiving and disbursing public moneys, subject to limitation that order fixing percentage of compensation will not be effective to reduce compensation earned for past services."

Since there is no constitutional or statutory provision limiting the power of the Commissioners' Court to fix the compensation of the County Health Officer and in view of the foregoing, it is our opinion that the Commissioners' Court may reduce the County Health Officer's salary from $100.00 to $25.00 per month before the end of his two year appointive term.

## SUMMARY

The Commissioners' Court may reduce the salary of the County Health Officer from $100.00 to $25.00 per month before the end

of his two year appointive term. 34 Tex.
Jur. 526; Baxter v. Rusk County, 11 S.W.
(2d) 648.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

BA:mw

By *Bruce Allen*
Bruce Allen
Assistant

APPROVED:

*Hogan Dickson*
FIRST ASSISTANT
ATTORNEY GENERAL